**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

CASE NO:

MAYELIN LLORENS,

    Plaintiff,

v.

CITY OF MIAMI GARDENS, a
Florida Municipal Corporation,

    Defendant.
_____/

**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

Plaintiff, MAYELIN LLORENS ("Plaintiff") pursuant to 29 U.S.C. § 216(b) hereby files her Complaint for Damages and Demand for Jury Trial against Defendant, CITY OF MIAMI GARDENS, a Florida Municipal Corporation (hereafter "the Government" or "Defendant") and alleges the following:

**INTRODUCTION**

1. Defendant unlawfully deprived Plaintiff of overtime compensation during the course of her employment. This action arises under the Fair Labor Standards Act ("FLSA") pursuant to 29 U.S.C. §§ 201–216, to recover all overtime wages that Defendant refused to pay Plaintiff during the past three (3) years.

**PARTIES**

2. During all times material hereto, Plaintiff was a resident of Miami-Dade County, Florida, over the age of 18 years, and otherwise *sui juris*.

3. During all times material hereto, Defendant is and was a Florida municipal corporation located in Miami-Dade County, Florida, within the jurisdiction of this Honorable Court.

4. Defendant was Plaintiff's employer, as defined by 29 U.S.C. § 203(d), during all times pertinent to the allegations herein.

5. During all times material hereto, Defendant supervised Plaintiff's work on a daily basis, set Plaintiff's schedule, and had the authority to hire and fire employees, including Plaintiff.

6. During all times material hereto, Defendant was vested with control and decision-making authority over the hiring, firing, day-to-day operations, and pay practices as it pertained to Plaintiff.

## JURISDICTION AND VENUE

7. All acts and/or omissions giving rise to this dispute took place within Miami-Dade County, Florida, which falls within the jurisdiction of this Honorable Court.

8. Defendant operates the City of Miami Gardens, within Miami-Dade County, Florida. Therefore, jurisdiction is proper within the Southern District of Florida pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. §§ 1331 and 1337.

9. Venue is also proper within the Southern District of Florida pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1391(b).

## GENERAL ALLEGATIONS

10. Plaintiff worked for Defendant as a non-exempt, hourly administrative employee from March 18, 2019 until in or around October 2021.

11. During all times material hereto, the City Manager, Cameron D. Benson, supervised Plaintiff's work and was either expressly or constructively aware of the time Plaintiff worked on a weekly basis.

## FLSA COVERAGE

12. Defendant is covered under the FLSA through enterprise coverage, as was engaged in interstate commerce during all pertinent times in which Plaintiff was employed. More specifically engaged in interstate commerce by virtue of the fact that its business activities involved those to which the FLSA applies. Defendant's business and Plaintiff's work for Defendant affected interstate commerce because the materials and goods that Plaintiff used on a constant and/or continuous basis moved through interstate commerce prior to or subsequent to Plaintiff's use of the same.

13. During her employment with Defendant, Plaintiff, and various other similarly situated employees handled and worked with various goods and/or materials that moved through interstate commerce, including, but not limited to the following: cell phones, extension cords, pencils, pens, paper, tape, keyboards, computers, cables, stamps, markers, staplers, staples, invoices, cash, checks, masks, boxes, envelopes, hand sanitizer, etc.

14. Defendant also regularly employed two (2) or more employees for the relevant time period, who handled the same or similar goods and materials handled by Plaintiff, or used the instrumentalities of interstate commerce, or the mails, thus making Defendant's business an enterprise covered by the FLSA.

15. Defendant grossed or did business in excess of $500,000.00 in the years 2019, 2020, 2021 and 2022.

16.     Defendant is also subject to coverage under the FLSA by virtue of its acceptance of federal funding which was received through interstate commerce.

17.     During her employment with Defendant, Plaintiff (i) performed non-exempt work; (ii) did not have supervisory authority over any individuals; (iii) did not make any decisions of importance on behalf of Defendant, (iv) was not required to possess any advanced training, skill, or prolonged education in order to perform any of her primary duties and responsibilities; and (v) was paid on an hourly basis.

18.     During all material times hereto, Plaintiff was a non-exempt, hourly employee of Defendant, within the meaning of the FLSA.

## **PLAINTIFF'S WORK FOR DEFENDANT**

19.     Defendant, CITY OF MIAMI GARDENS, is the 3rd largest city in Miami-Dade County, Florida, with a population of approximately 105,000 people.

20.     Plaintiff worked for Defendant as an hourly administrative employee from March 18, 2019 until in or around October 2021.

21.     Plaintiff's regular hourly rate during her employment period was approximately $28.32 per hour.

22.     During Plaintiff's employment period, Plaintiff regularly worked more than forty (40) hours per week.

23.     However, Defendant's City Manager, Cameron D. Benson, refused to compensate Plaintiff for much of the work she performed in excess of forty (40) hours per week during certain workweeks.

24.     Defendant's City Manager, Cameron D. Benson, constantly required Plaintiff to work off-the-clock, during after-hours and while Plaintiff was at her home.

25. Plaintiff worked approximately 55-60 hours per week; however, Defendant only paid Plaintiff for approximately 40-hours per week.

26. When Plaintiff complained to her supervisor, Cameron D. Benson, about unpaid overtime wages, he responded "I pay you enough to do your job."

27. Even after being apprised of unpaid overtime wages due and owing to Plaintiff, Plaintiff's supervisor, Cameron D. Benson, refused to rectify any of the violations or to inquire as to the nature and extent of the federal overtime wage violations.

28. Defendant's payroll records during the relevant time period do not accurately reflect the hours worked by Plaintiff.

29. Moreover, Defendant did not maintain accurate time records during Plaintiff's employment period.

30. Defendant had actual knowledge or constructive knowledge of the work Plaintiff performed during her employment period.

31. As a result of Defendant's intentional and willful failure to comply with the FLSA, Plaintiff was required to retain the undersigned counsel and is therefore entitled to recover reasonable attorney's fees and costs incurred in the prosecution of her claims.

**COUNT I – FEDERAL OVERTIME WAGE VIOLATIONS – 29 U.S.C. § 207**

32. Plaintiff hereby re-alleges and re-avers Paragraphs 1 through 31 as though set forth fully herein.

33. Plaintiff alleges this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b).

34. Defendant refused to pay Plaintiff one-and-one-half times her regular hourly rate for some hours of work over forty (40) in one or more weeks of her employment.

35. Defendant also frequently required Plaintiff to work off-the-clock, during after-hours and from her home during Plaintiff's employment period.

36. Defendant knew or should have known that Plaintiff was required to work off-the-clock during weeks when she worked 40 or more hours.

37. During all times material hereto, Plaintiff's off-the-clock work was more than de-minimus.

38. Plaintiff therefore claims the applicable federal overtime wage rate for all weekly hours worked over forty (40) during her employment period.

39. Defendant willfully and intentionally refused to pay Plaintiff the applicable federal overtime wages as required by the FLSA, as Defendant knew or should have known of the FLSA's overtime wage requirements.

40. Defendant's willful and/or intentional violations of federal wage law entitle Plaintiff to an additional amount of liquidated, or double, damages.

41. As a result of the violations alleged herein, Plaintiff was required to retain the undersigned counsel and is therefore entitled to recover reasonable attorney's fees and costs.

WHEREFORE, Plaintiff, MAYELIN LLORENS, respectfully requests that this Honorable Court enter judgment in her favor and against Defendant, CITY OF MIAMI GARDENS, and award Plaintiff: (a) unliquidated damages; (b) liquidated damages; (c) reasonable attorney's fees and costs; and any and all such further relief as may be deemed just and reasonable under the circumstances.

### DEMAND FOR JURY TRIAL

Plaintiff, MAYELIN LLORENS, demands a trial by jury on all appropriate claims.

**Dated this 4th day of March 2022.**

Respectfully Submitted,

**USA EMPLOYMENT LAWYERS-
JORDAN RICHARDS, PLLC**
1800 SE 10th Ave, Suite 205
Fort Lauderdale, Florida 33316
Ph: (954) 871-0050
*Counsel for Plaintiff*

By: */s/ Jordan Richards*
JORDAN RICHARDS, ESQUIRE
Florida Bar No. 108372
JAKE BLUMSTEIN, ESQUIRE
Florida Bar No. 1017746
*Jordan@jordanrichardspllc.com*
*Jake@jordanrichardspllc.com*

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that the foregoing document was filed via CM/ECF on March 4, 2022.

By: */s/ Jordan Richards*
JORDAN RICHARDS, ESQUIRE
Florida Bar No. 108372

**SERVICE LIST:**